UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        Case No. 15-cr-260(2) (PAM/TNL)

Plaintiff,

v.                                                        **MEMORANDUM AND ORDER**

Walter Ronaldo Martinez Escobar,

Defendant.

_____

This matter is before the Court on Defendant's appeal from an order of Magistrate Judge Tony N. Leung (Docket No. 446) and Defendant's objections to Magistrate Judge Leung's Report and Recommendation (Docket No. 447), both dated May 9, 2016. The Court reviews de novo a magistrate judge's decisions on dispositive issues. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The Court's review of nondispositive matters is limited to determining whether the Order is clearly erroneous or contrary to law. D. Minn. L.R. 72.2(a). Having conducted that review, the Court denies the appeal, overrules the objections, and adopts the R&R.

**A.     Appeal**

Defendant takes issue with only two of the rulings Magistrate Judge Leung made in his Order (Docket No. 446). Defendant first argues that the Magistrate Judge incorrectly determined that Defendant was not entitled to review the grand jury transcripts. He also requests that the Court order the Government to turn over Jencks Act material at least five days before trial. The Government did not respond to the arguments

Defendant raises in his appeal, apparently relying on previous submissions addressing the issues raised.

### 1.      Jencks Act Material

Magistrate Judge Leung denied Defendant's Motion for Disclosure of Jencks Act Material (Docket No. 295), finding that the Government was not obligated to disclose such material before trial and had not agreed to do so in this case.  He noted, however, that the Court "expects the Government to provide materials sufficiently in advance so as to prevent delays in trial."  (Order (Docket No. 446) at 3.)

Defendant has offered no new justification as to why the Government must be compelled to disclose Jencks Act material five days before trial.  This Court, too, expects that the Government will comply with its statutory obligations and disclose the material in a timely fashion.  Absent some indication that the Government will not comply with its obligations, the Court will not order the disclosure Defendant seeks.  The Magistrate Judge's ruling on this point is affirmed.

### 2.      Grand Jury Transcript

Defendant seeks the production of the grand jury transcript because he suspects that the grand jury might have been told that Defendant was "Guero," who was the alleged source for the methamphetamine involved in the charged conspiracy.  In the days leading up to the arrest of the alleged co-conspirators, law enforcement believed that Defendant was Guero, and the initial criminal complaint listed Guero as an alias for Defendant.  By the time of the Indictment, however, law enforcement recognized that

Defendant was not Guero, and Guero is not listed as an alias for Defendant on the Indictment.

Defendant contends that Magistrate Judge Leung erroneously denied his Motion for Disclosure of Grand Jury Transcript (Docket No. 297) because "it is just speculation that the jury was not given incorrect information that Guero was [Defendant.]" (Def.'s Appeal (Docket No. 478) at 11.) But it is equally speculative to believe that the jury was given incorrect information. Moreover, it is less plausible that the jury was given incorrect information because the Indictment the jury issued did not incorrectly identify Defendant as Guero.

Defendant is required to show a "particularized need" for the grand jury materials. (Order at 4 (citing Bradley v. Fairfax, 634 F.2d 1126, 1129-30 (8th Cir. 1980)).) His insistence that the grand jury might have been misinformed does not amount to the required "particularized need." The Order on this point is affirmed.

**B. Objections**

Defendant objects to the recommendation that his Motion to Suppress be denied. Defendant does not object to the recommendation that the Court deny his Motion to Sever without prejudice, and the Court therefore adopts that recommendation without further discussion.

In his Motion to Suppress, Defendant challenges the August 19, 2015, traffic stop of a vehicle in which he was traveling. Before the challenged traffic stop, law enforcement had stopped a vehicle carrying one of Defendant's alleged co-conspirators, Jesse Garcia, after he left a suspected stash house in Prescott, Wisconsin. Garcia was

found in possession of 50 pounds of methamphetamine.  Thereafter, law enforcement saw a gold Honda Accord driving away from the Prescott house.  Officers stopped the car; Defendant was the car's driver.  He contends that the traffic stop was not supported by probable cause and that it was unreasonably long.

Defendant first contends that law enforcement did not have the facts necessary to justify even the initial stop of the vehicle because they did not know who was in the car and thus did not know that the car's occupants were linked to any of the drug activity at the Prescott house.  But law enforcement had established that the gold Honda Accord was frequently at the Prescott house, they had seen the car and its occupants at several locations with Garcia or conducting business that they suspected was drug-related, and they knew that Jesse Garcia had just removed a large quantity of drugs from the Prescott house.  It was reasonable under all of the facts in this case for law enforcement to stop the other vehicle that had frequented the Prescott house.  The fact that the officers were not certain who exactly was in the car is of no moment in this analysis.

Nor is the officers' use of weapons or the length of the stop unreasonable in this instance.  Law enforcement knew that there were weapons in the Prescott house and were justified in using their own weapons to ensure their safety during the traffic stop.  After the stop, the car's occupants gave the officers false names and it took time for the officers to sort out those names.  In addition, the officers requested a drug-sniffing dog and it took time for the local police department to bring the dog to the car.  Finally, neither occupant had a valid driver's license, so the officers had to call a tow truck and secure transportation for the car's occupants.  Under the circumstances of this case, a two-hour

4

stop is not unreasonable.  The Court therefore adopts the R&R's conclusions on this point.

Defendant's Motion also challenges the search warrant for the Prescott house. The warrant was an anticipatory warrant.  The application for this warrant averred that Jesse Garcia was expected to pick up a large amount of methamphetamine at a residence in Prescott, Wisconsin.  If law enforcement discovered this methamphetamine in Garcia's vehicle after Garcia returned to Minnesota, the application requested that the warrant-issuing court authorize a search of the Prescott house.

Defendant contends that the affidavit supporting the application did not connect all of the dots of the alleged drug conspiracy, so that the warrant was not supported by probable cause.  In particular, Defendant asserts that the affidavit failed to set forth all of the telephone conversations in the several days leading up to August 19, 2015, which would have set the stage for a search of the Prescott house.

But the affidavit outlined many other aspects of the suspected drug ring, giving the issuing judge more than sufficient probable cause to order a search of the Prescott house. (See R&R at 19-20.)  And in any event, although the R&R did not address this issue, the good-faith exception applies here.  "Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable."  United States v. Perry, 531 F.3d 662, 665 (8th Cir. 2008).  The reasonableness of the officer's reliance is judged by "the totality of the circumstances, including any information known to the

5

officers but not presented to the issuing judge." United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007).

Here, the officers executing the warrant knew all of the information that Defendant contends should have been presented to the issuing judge. This is not a situation in which the affidavit contained any false statements, or in which the warrant was facially deficient. See United States v. Leon, 468 U.S. 897, 921 (1984) (identifying situations in which an officer's reliance is unreasonable). Despite Defendant's insistence, the affidavit here was simply not "so lacking in probable cause as to render official belief in its existence entirely unreasonable." (Def.'s Supp. Mem. (Docket No. 406) at 29 (citing Leon, 468 U.S. at 923).)

The search of the Prescott house was supported by probable cause, and the R&R correctly determined that the Motion to Suppress should be denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.    Defendant's Appeal (Docket No. 478) is **DENIED**;

2.    Magistrate Judge Leung's Order (Docket No. 446) is **AFFIRMED**;

3.    The R&R (Docket No. 447) is **ADOPTED**;

4.    Defendant's Motion to Sever (Docket No. 299) is **DENIED without prejudice**; and

5.    Defendant's Motion to Suppress (Docket No. 300) is **DENIED**.


Dated: Wednesday, June 15, 2016

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge