UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 15-260(2) (PAM/TNL)

          Plaintiff,

v.                                                                          **MEMORANDUM AND ORDER**

Walter Ronaldo Martinez Escobar,

          Defendant.
_____

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## BACKGROUND

In July 2016, a jury convicted Defendant Walter Ronaldo Martinez Escobar for his role in a large-scale conspiracy to distribute methamphetamine. (Docket No. 604.) The evidence at trial established that Escobar ran a stash house in Wisconsin at which he and others stored drugs for co-Defendant Jesse Garcia. The Court ultimately sentenced Escobar to 260 months' imprisonment, a 100-month downward variance from the otherwise applicable sentencing guidelines range. (Docket No. 797.)

Escobar appealed, challenging a search warrant executed on the stash house and a two-level sentencing enhancement for possession of a dangerous weapon in connection with a drug offense. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Escobar, 909 F.3d 228 (8th Cir. 2018). Escobar sought certiorari from the United States Supreme Court, but his petition was denied on May 30, 2019.

Escobar filed the instant Motion to Vacate pro se on January 27, 2020. After the Government responded to the Motion (Docket No. 978) and Escobar twice sought an extension of time in which to file a reply, the Court appointed counsel to represent him (Docket No. 1036). Counsel filed a reply memorandum in support of the Motion (Docket No. 1069) and the matter is now fully submitted.

Escobar's Motion raises five claims for ineffective assistance of counsel. He asserts that counsel failed to: (1) provide a translator to communicate with him during unspecified pretrial proceedings and plea negotiations, (2) call witnesses at trial, (3) move to sever his case from his co-Defendants, (4) request a separate trial when co-Defendants insisted on wearing jail clothing to trial, and (5) argue for a reduction for minor role in the offense after a DEA agent ostensibly testified that Escobar was a minor participant.

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or sentence are cognizable in a § 2255 proceeding. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). The petitioner bears the burden to establish that his

conviction or sentence violated either the Constitution or federal law.  United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

Although § 2255 requires a Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  Escobar's claims are contradicted by the record, and he is not entitled to relief on any of them.  The Court therefore declines to hold an evidentiary hearing.

**A.     Ineffective Assistance of Counsel**

To prevail on a claim that counsel rendered ineffective assistance, Escobar must establish both that his attorney's performance was deficient and that he was prejudiced by the deficient performance.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  The Court presumes that the attorney provided effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight."  Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997).  Indeed, the Court's "scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.

To demonstrate prejudice, Escobar must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  If Escobar cannot establish prejudice, the Court need not

3

address the reasonableness of the representation, because the failure to establish prejudice is dispositive of a § 2255 claim of ineffective assistance. Apfel, 97 F.3d at 1076.

### 1. Interpreter

Escobar does not specify any particular proceeding in which his attorney allegedly failed to provide him with an interpreter. It is his burden to establish his claims, and on the record before the Court, he has failed to do that. Moreover, he has failed to argue or demonstrate that, had the attorney provided him with an interpreter, the results of the proceeding might have been different. This claim fails.

### 2. Witnesses

The ineffective-assistance standard does not allow the Court to second-guess counsel's trial strategy. In the Court's view, trial counsel performed admirably, and his decision not to call witnesses in Escobar's defense was eminently reasonable. Moreover, as the Government notes, Escobar has not provided the Court with any information about what witnesses he believes should have been called and what their testimony would have been. The result of the proceeding would not have been different if Escobar's attorney had called witnesses, and this claim fails.

### 3. Severance

Escobar's Motion contends that his counsel was ineffective for not moving to sever his trial from his co-Defendants, both before trial and during trial, when two co-Defendants chose to wear orange jail jumpsuits. Counsel did, however, seek severance of Escobar's

case during pretrial proceedings. (Docket No. 299.) The Court denied that Motion. (Docket No. 531.) Escobar's Motion on this point is without merit.

Although counsel did not move to sever during trial, this decision was not unreasonable. Escobar has not established that his co-Defendants' decision to wear jail clothing somehow affected the outcome of the proceedings against him. He has not established his ineffective-assistance claim on this point.

### 4. Minor Role

Escobar's last argument is that his counsel was ineffective for failing to argue for a minor-role adjustment. He contends that testimony at trial established his minor role, but he fundamentally misconstrues that testimony. And while counsel did not formally move for a minor-role adjustment in Escobar's sentencing-guidelines calculation, he asked the Court to take into consideration Escobar's relatively low level of involvement in the offense. (Docket No. 817 at 16-17.) Moreover, the Court sentenced Escobar to 260 months' imprisonment, a term that was 100 months lower than the applicable guidelines range of 360 months to life. A two-level minor-role adjustment would have, at most, reduced Escobar's guidelines range to 324 to 405 months, still well above the sentence the Court imposed. See U.S.S.G. § 3B1.2(b) (providing two-level reduction for minor participant). Escobar cannot establish that his sentence would have been lower had his attorney moved for such a minor-role adjustment. His Motion on this point fails.

### B. Certificate of Appealability

Escobar may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). But such a certificate requires

5

Escobar to make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Escobar must establish that the issues he raises are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Escobar has not met this high standard, and no certificate of appealability will issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Vacate (Docket No. 973) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 13, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge